IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAC SURGICAL PARTNERS, P.A., | § | |
| *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1355 |
| | § | |
| UNITED HEALTHCARE SERVICES, | § | |
| INC., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Clarification and/or Reconsideration ("Motion") [Doc. # 44] filed by Defendants United Healthcare Services, Inc. ("United") and Ingenix, Inc., and supplemented [Doc. # 53] on September 21, 2011. Defendants seek clarification of the Court's Memorandum and Order [Doc. # 43] entered August 30, 2011, ruling on Defendants' Motion to Dismiss. Plaintiffs filed a Response [Doc. # 57], and Defendants filed a Reply [Doc. # 58]. The Court has reviewed the record and has considered the parties' arguments presented at the September 14, 2011 conference. Based on this review and the application of governing legal authorities, the Court **grants** the Motion to the extent that it clarifies

certain statements in the August 30, 2011 Memorandum and Order.  The Court **denies** the Motion in all other respects.

# I.   BACKGROUND

Each Plaintiff is a Texas professional association wholly-owned by a doctor (referred to herein as "Doctor" or "Owner-Doctor") whose specialty requires them to perform out-patient surgeries on a regular basis.  Frequently, the Doctors will perform the surgeries at an ambulatory surgical center ("ASC") rather than in a hospital.  Each Plaintiff entered into an Ambulatory Surgical Center Use Agreement ("Use Agreement") with The Palladium for Surgery – Houston, L.L.P. ("Palladium"), a licensed ASC operator.

Plaintiffs submitted health insurance claims to United for reimbursement for the facility fee charged by Palladium.  Beginning in late 2009, United stopped paying Plaintiffs' claims for the facility fees and sent each Plaintiff an "Overpayment Demand" letter ("Demand Letter"), contending that Plaintiffs were not entitled to the facility fee because they do not qualify as licensed ASCs under Texas law.

Plaintiffs filed this lawsuit, asserting claims for negligent misrepresentation, breach of an "implied-in-fact" contract, violations of the Texas Insurance Code, quantum meruit, and promissory estoppel.  Defendants then filed a Motion to Dismiss, asserting that all state law claims were preempted by the Employee Retirement

Income Security Act ("ERISA") and, alternatively, that the state law claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  The Court rejected the ERISA preemption argument, and denied the Motion to Dismiss as to all claims except the Texas Insurance Code claims, which Plaintiffs were allowed to replead.

Defendants now seek clarification of statements in the August 30, 2011 Memorandum and Order.  Defendants also seek reconsideration of the Court's denial of their Motion to Dismiss the negligent misrepresentation claim.  The Motion has been fully briefed and are ripe for decision.

## II.     **MOTION FOR CLARIFICATION - ERISA PREEMPTION**

In denying Defendants' Motion to Dismiss all state law claims as preempted by ERISA, the Court stated that the outcome of this lawsuit "will depend on the interpretation of Texas state law, not on an analysis of whether an ERISA plan provides coverage."  *See* Memorandum and Order [Doc. # 43], p. 8.  Defendants seek clarification that this statement does not preclude them from asserting the ERISA preemption argument again in the future should it become appropriate.

With reference to the statement that the outcome of this case will depend on the interpretation of Texas state law, the Court noted that "Defendants in the Demand Letters did not base the refusal to pay Plaintiffs for the facility fees on any provision

of any ERISA plan." *See id.* at 7.  The Court noted that "Defendants relied exclusively on independent provisions of Texas law that govern ASCs." *See id.* at 7-8.  To the extent that Defendants denial of Plaintiffs' claims for facility fees was based on the position that the arrangements with Palladium violated Texas law, the outcome of the case will indeed depend on the interpretation of that Texas law.  Should Plaintiffs later change course and seek to recover under ERISA plans, it could then become appropriate for Defendants in this case to assert one or more different bases for the denial of the claims for facility fees.  The Court will address those bases at that time if necessary and appropriate.

With reference to the statement that the outcome of the case will not depend on an analysis of whether an ERISA plan provides coverage for the claimed facility fees, the Court noted that "Plaintiffs maintain unequivocally that they are not seeking damages 'as an assignee of benefits under an insurance plan' – ERISA or otherwise." *See id.* at 6.  The Court noted also that "Plaintiffs assert that their claims are not based on the insurance plans between United and its insureds, but are based instead on United's separate and independent promise to pay Plaintiffs for the facility fees in accordance with United's fee schedule." *See id.* at 7.  The Court held that, because Plaintiffs affirmatively assert that they are not pursuing any claims based on an assignment of benefits and that they do not otherwise rely on the terms of any ERISA

plan, the state law claims were not preempted by ERISA. *See id.* As long as Plaintiffs maintain that they are not seeking to recover under an assignment of benefits under an ERISA plan, and maintain that they do not otherwise rely on the terms of an ERISA plan for reimbursement of the facility fees, an analysis of the ERISA plans is not relevant.[1] It is unclear whether Plaintiffs can prevail in this lawsuit while taking the position that they do not rely on any assignments they have from ERISA plan participants or otherwise rely on the terms of ERISA plans for reimbursement of the facility fees.[2] The Court agrees that it should clarify that, should Plaintiffs attempt to alter this theory that their claims are entirely independent of any ERISA plan, the Court will revisit the ERISA preemption issue and revisit whether analysis of the terms of an ERISA plan at that point has become appropriate.

## III.    MOTION FOR RECONSIDERATION – NEGLIGENT MISREPRESENTATION CLAIM

The Court denied Defendants' Motion to Dismiss the negligent misrepresentation claim. As noted by the Court in its Memorandum and Order, a

---

[1]     As noted by the Court at the September 14, 2011, conference, it may nonetheless be appropriate for Defendants to refer to the various ERISA plans to provide factual support for relevant arguments, such as an assertion that Defendants were not negligent in making the representations it allegedly made to Plaintiffs.

[2]     In their Reply, Defendants state that "Plaintiffs continue to box themselves into theories that will inevitably lead to the demise of their case." *See* Reply [Doc. # 58], p. 1. While this may well be true, it is not a basis for the Court to rewrite Plaintiffs' Complaint.

negligent misrepresentation claim "requires proof that: (1) the defendant in the course of his business or a transaction in which he had an interest; (2) supplied false information for the guidance of others; (3) without exercising reasonable care or competence in communicating the information; [and] (4) the plaintiff justifiably relied on the information; (5) proximately causing the plaintiff's injury." *See* Memorandum and Order, p. 43 (citing *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 577 (Tex. App. -- Dallas 2007, no pet.); *In Re Stonebridge Techs., Inc.*, 430 F.3d 260, 267 n.4 (5th Cir. 2005)).  Defendants argued that Plaintiffs failed to allege that Defendants supplied false information regarding an existing fact.  The Court noted that Plaintiffs alleged that Defendants stated that the medical services, including the facility fees, were authorized and subject to payment in accordance with United's fee schedule." *See* Memorandum and Order, p. 9 (citing Plaintiffs' First Amended Complaint, ¶¶ 47, 54, 61).  The Court held specifically that these allegations "satisfy the requirement that Plaintiffs allege that Defendants supplied false information ***regarding existing facts***." *Id.* (emphasis added).  The Court denies Defendants' Motion for Reconsideration of the Court's ruling on the sufficiency of the negligent misrepresentation claim.  The Court clarifies, however, that Plaintiffs may not pursue a negligent misrepresentation claim based on promises of future performance.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court clarifies that the statements in the Memorandum and Order entered August 30, 2011, regarding ERISA preemption were based exclusively on the allegations in Plaintiffs' First Amended Complaint.  Should Plaintiffs later seek to alter their theory of this case, the Court will revisit the ERISA preemption issue and Defendants will be permitted, either in this Court or in some other appropriate forum, to challenge on other ERISA-based grounds Plaintiffs' claims for reimbursement of the facility fees.

The Court again concludes that Plaintiffs have adequately alleged that Defendants supplied false information regarding existing facts.  As a result, Plaintiffs adequately alleged a negligent misrepresentation claim.  Plaintiffs may not, under Texas law, pursue a negligent misrepresentation claim based on promises to perform in the future.

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion for Clarification [Doc. # 44] is **GRANTED** as set forth herein, and Defendants' Motion for Reconsideration [Doc. # 44] is **DENIED**.

SIGNED at Houston, Texas, this 20th day of **October, 2011**.

Nancy F. Atlas
United States District Judge