UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAC SURGICAL PARTNERS P.A., *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-1355 |
| | § | |
| UNITED HEALTHCARE SERVICES, INC., *et al*, | § § § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is the Order denying the Plaintiffs'/Counter-Defendants' Motion to Strike Proposed Expert Witness Testimony of Thomas Mayo filed by Magistrate Judge Stacy (Doc. 236), Plaintiffs'/Counter-Defendants' Objections (Doc. 272), and Defendants'/Counter-Plaintiffs' Response thereto (Doc. 320). Upon review and consideration of the Order, the objections, and the response thereto, the relevant legal authority, and for the reasons stated below, the Court concludes that the objections are overruled.

**I.     Background**

On March 22, 2013, Plaintiffs/Counter-Defendants ("DAC Plaintiffs") filed a motion to strike the proposed testimony of Defendant/Counter-Plaintiffs' ("United") expert witness, Thomas Mayo ("Mayo"). Doc. 236. Mayo submitted a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and the DAC Plaintiffs contend that the Mayo Report must be excluded because it offers impermissible legal conclusions on whether or not the DAC Plaintiffs violated a statute. Doc. 272 at 6–7. The Court referred the motion to United States Magistrate Judge Frances Stacy for resolution. Doc. 237. On May 20, 2013, Judge Stacy denied the DAC

Plaintiffs' motion "as premature, but without prejudice to being re-filed or re-urged upon the completion of discovery and/or in connection with any effort by [United] to offer any testimony by Mayo in support of any pretrial motion." May 20 Order (Doc. 268). On June 3, 2013, the DAC Plaintiffs filed the instant objections and motion to set aside Judge Stacy's order.

## II.   Legal Standard

In the resolution of non-dispositive discovery disputes, a magistrate judge is afforded broad discretion. *See* FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). If a party objects to an order by the magistrate judge on a non-dispositive discovery issue, the district court shall consider the objections, and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). *See also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (stating that the scope of review of a magistrate judge's findings in a non-dispositive pretrial motion is "the clearly erroneous standard").

The DAC Plaintiffs argue that Judge Stacy's order is clearly erroneous and contrary to law because she did not rule on the substance of their motion, but simply denied it as premature. Doc. 272 at 2. They contend that whether or not discovery had closed had no bearing on the admissibility of the Mayo Report and is not a proper basis for denying the motion to strike. Doc. 272 at 3–4. The deadline for written discovery expired prior to her order on May 1, 2013, and the deadline for depositions was to expire eleven days after the May 20 Order. Thus, they argue, "even if ongoing discovery was a proper ground for denial of a motion to strike, it would not be appropriate in these circumstances." Doc. 272 at 14. The DAC Plaintiffs further argue that they were entitled to a ruling on the merits of their arguments, and that United cannot show by a preponderance of evidence that the Mayo Report is admissible under Federal Rule of Evidence

702. Doc. 272 at 3.

## III. Discussion

The Court finds that the Magistrate Judge acted within her discretion under Rule 72(a) in denying the DAC Plaintiffs' motion to strike the testimony of United's expert witness as premature. The DAC Plaintiffs have not shown that Judge Stacy's ruling to deny the motion as premature without prejudice to re-file was clearly erroneous or contrary to law. They do not cite to any authority which requires a court to address the merits of a motion before deciding that the motion is premature; nor do they cite to any authority which entitles them to a ruling on the merits of a motion to strike the testimony of a proposed expert witness prior to the close of discovery. Now that discovery has closed in this case, the DAC Plaintiffs may re-file their motion in order to obtain a ruling on the merits, which they have already expressed their intention to do. Pl.'s Notice of Pending Mot. to Strike Proposed Expert Witness Testimony of Thomas Mayo (Doc. 358).

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs'/Counter-Defendants' Objections (Doc. 272) are overruled and their motion to set aside Judge Stacy's May 20 Order is **DENIED**.

SIGNED at Houston, Texas, this 14th day of February, 2014.

                                        MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE