UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAC SURGICAL PARTNERS P.A., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-1355 |
| | § | |
| UNITED HEALTHCARE SERVICES, INC., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs/Counter-Defendants DAC Surgical Partners, P.A., *et al*.'s ("the DAC Plaintiffs" or "DAC") Opposed Motion to Supplement the Summary Judgment Record (Doc. 364) and Defendant/Counter-Plaintiffs United Healthcare Services, Inc. and Ingenix, Inc.'s ("United") Unopposed Motion for Leave to Supplement the Summary Judgment Record with the DAC Plaintiffs' tax returns (Doc. 442). In addition, United indicates that it anticipates filing a second Motion for Leave to Supplement the Summary Judgment Record upon receipt of the additional tax returns from the DAC Plaintiffs' Doctor Owners, which they have been ordered to produce. *See* United's Supplement to the Joint Status Report (Doc. 478).

Upon review and consideration of the motions, the record, and the applicable law, the Court concludes that DAC's motion should be denied and United's motion and anticipated second motion should be granted. In addition, the Court moots the pending dispositive motions without prejudice and orders the parties to each submit, or re-urge, one consolidated dispositive motion incorporating all arguments and legal theories in light of the summary judgment record as it exists after supplementation. The motions are due within thirty (30) days of the date that Dr.

Sherman Nagler's personal tax returns for 2006–2009 are produced to United.

## I.      DAC's Motion to Supplement the Summary Judgment Record

The DAC Plaintiffs move for leave to supplement the summary judgment record with a call log consisting of nearly 2,000 pages and 35 affidavits from their Doctor Owners which allegedly show "the existence and contents of the pre-verification calls, as well as further supporting evidence of the Doctor Owners' reliance on United's representations made during these calls."  Doc. 364 at 2.  Although DAC concedes that the "existing summary judgment record is sufficient to raise a genuine issue of material fact," it wishes to supplement the summary judgment record with "more extensive documentation."  *Id.* at 3–4.

DAC's motion to supplement was filed in response to an earlier motion by United to strike two affidavits attached to DAC's response to United's Motion for Summary Judgment. Motion to Strike (Doc. 350).  For example, Rontel Jackson, a former surgery scheduler at Palladium, testified that she overheard pre-verification calls between Palladium's insurance verifier and United's insurance representatives.  United moved to strike the affidavits as inadmissible hearsay and inconsistent with prior deposition testimony of the DAC Plaintiffs' 30(b)(6) corporate representatives.  *Id.*  On December 4, 2013, United States Magistrate Judge Frances Stacy granted United's motion in part, finding that Rontel Jackson did not have personal knowledge of "[the DAC] Plaintiffs' or Palladium's regular and routine business practice of insurance verification."  Order on Motion to Strike (Doc. 426).

United filed a response opposing DAC's motion to supplement arguing that DAC has failed to lay foundation for the admissibility of the call logs and that the affidavits (1) contradict the Doctor Owners' prior testimony; (2) are not based on first-hand information; and (3) are untimely.  United's Resp. to Plaintiffs' Mot. to Supplement (Doc. 406) at 2.  DAC did not file a

reply.

The Court agrees that DAC has failed to lay a proper foundation for the admission of the call logs.  DAC has provided only the declaration of Matthew Maruca, the custodian or records of Northstar Healthcare, Inc., which states only that the call logs were kept in the regular course of business.  The declaration does not connect Northstar to Palladium or to the DAC Plaintiffs, and does not connect the contents of the logs to any of the alleged promises made by United to pay for the facility fees at issue.  The Court concludes that this proffer is insufficient.  Courts are not required to sift through the summary-judgment record in search of evidence to support opposition to summary judgment.  *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998).  Therefore, DAC's motion is denied with regard to the call logs.

The Court further agrees with United that the affidavits of the Doctor Owners are not based on personal knowledge and are inconsistent with the Doctor Owners' prior testimony as 30(b)(6) representatives.  During their depositions, the Doctor Owners stated that they had no knowledge of United's conversations with Palladium regarding payments or coverage for facility fees.  *See* Doc. 406, Ex. 3 and Ex. 4.  In addition, the affidavits contradict the Doctor Owners' prior acknowledgement that verifications of coverage are different than promises of payment. *See* Doc. 406, Ex. 7.  Courts may disregard an affidavit which contradicts prior testimony from a Rule 30(b)(6) deposition.  *Hyde v. Stanley Tools*, 107 F. Supp.2d 992, 993 (E.D. La. 2000) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)).  As such, DAC's motion is denied with regard to the Doctor Owners' affidavits.

## II.    United's Motion to Supplement the Summary-Judgment Record

United moves to supplement the summary judgment record with the DAC Plaintiffs' tax returns and indicates that it anticipates filing a second motion to supplement the summary

judgment record with the Doctor Owners' personal tax returns.  DAC does not oppose United's motion, but does anticipate filing a response to United's anticipated second motion to supplement.  The Court has previously declared that the tax returns of the DAC Plaintiffs and the Doctor Owners are "highly relevant to the claims and defenses in this case."  Order on United's Objections (Doc. 437) at 9.  As such, the Court grants both United's motion and anticipated motion to supplement the summary judgment record with tax returns of the DAC Plaintiffs' and the Doctor Owners.

## III.    Dispositive Motions

Discovery disputes have protracted the motion practice in this case for two years.  On June 3, 2014, Magistrate Judge Stacy entered an order that fully and finally resolved the last of the discovery issues (Doc. 465); and on June 30, 2014, this Court ordered the parties to file a Joint Status Report listing the dispositive motions that have been filed and describing the status of the motions in light of the final discovery orders.  Order (Doc. 467).  On July 7, 2014, the parties timely submitted a joint status report ("the Report").  The Report outlines the following five dispositive motions from the DAC Plaintiffs: (1) Motion to Dismiss (Doc. 188); (2) Motion for Partial Summary Judgment on one of United's affirmative defenses[1] (Doc. 200); (3) Motion for Partial Summary Judgment Dismissing United's Claims Based on the Statute of Limitations (Doc. 289); (4) Motion for Summary Judgment Dismissing all of United's Affirmative Defenses (Doc. 291); and (5) Motion for Summary Judgment Dismissing the Counterclaims of United (Doc. 292).  Responses, relies, and, in some cases, surreplies have been filed for each motion. The Report also includes the single motion for summary judgment filed by United (Doc. 293).

---

[1] This motion, filed by Plaintiff's counsel on behalf of only two of the DAC Plaintiffs, requests summary judgment on United's affirmative defense that Plaintiffs are not entitled to recover benefits under the terms and conditions of the applicable health benefit plans and insurance policies for the claims at issue in this lawsuit because they are not ambulatory surgical enters licensed by the State of Texas, and thus, are not permitted to provide the services for which they seek reimbursement.

In addition, DAC indicates that it intends to file at least three supplemental briefs on pending motions in the event that the Court grants United's motion for leave to supplement the summary judgment record.  *See* Doc. 467 at 5–6.  United has not stated whether or not it intends to file responsive supplemental briefs.

"The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).  In this case, the Court finds that it is necessary to exercise its inherent power to control its docket and handle this case in the most efficient way by dismissing without prejudice the pending dispositive motions.  Rather than have the parties supplement their six dispositive motions and responses thereto with additional briefing to account for the newly included evidence, the Court orders both parties to submit, or alternatively to re-urge, a single consolidated dispositive motion that incorporates all arguments and legal theories in light of the summary judgment record as it exists upon the entry of this Order.  Parties may then file a response and reply.  This will result in a more practical and efficient ruling.  The motions are due within thirty (30) days of the date that Dr. Sherman Nagler's personal tax returns for 2006–2009 are produced to United.

## IV.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the DAC Plaintiffs' Opposed Motion to Supplement the Summary Judgment Record (Doc. 364) is **DENIED**.  It is further

**ORDERED** that United's Unopposed Motion to Supplement the Summary Judgment Record (Doc. 442) and anticipated Second Motion to Supplement the Summary Judgment Record are **GRANTED**.  It is further

**ORDERED** that the pending dispositive motions (Docs. 188, 200, 289, 291, 292, and 293) are denied as moot without prejudice.  It is further

**ORDERED** that both parties submit, or re-urge, a single consolidated dispositive motion within thirty (30) days of the date that Dr. Sherman Nagler's personal tax returns for 2006–2009 are produced to United.

SIGNED at Houston, Texas, this 3rd day of September, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE