UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAC SURGICAL PARTNERS P.A., *et al*, | § |
| | § |
| Plaintiffs, | § |
| VS. | § CIVIL ACTION NO. 4:11-CV-1355 |
| | § |
| UNITED HEALTHCARE SERVICES, INC., | § |
| *et al*, | § |
| | § |
| Defendants. | § |

## OPINION AND ORDER

Pending before the Court are Plaintiffs Par Surgical, PLLC and Euston Associates, PLLC's ("Par Plaintiffs") Motion to Dismiss (Doc. 344) and Plaintiff Scott Cohen's Motion to Dismiss. Doc. 347. Par Surgical, PLLC and Euston Associates, PLLC are Texas professional limited liability companies originally created and owned by Dr. Scott Cohen ("Dr. Cohen") and currently owned by Dr. Donald Kramer. Doc. 265 at 2 n.1.

On June 24, 2013, the Court entered an Order granting Defendants' Motion to Consolidate Case No. H-13-197, filed by Par Plaintiffs before Judge Werlein. Doc. 288. The Court found the case had "virtually identical allegations and causes of action against common defendants; the only meaningful difference is the names of the plaintiffs." *Id.* The other 37 plaintiff doctors had argued consolidation might delay their case, but Par Plaintiffs asserted they would not seek to re-depose any witnesses, will expedite their own written discovery, and will not seek a continuance of the DAC Action's September 23, 2013 trial date. Doc. 265 at 2-3. The Court concluded the difference in discovery was "not so great as to outweigh the obvious benefits of convenience and economy offered by consolidation." Doc. 288.

The pending Motions to Dismiss are largely identical to the previous plaintiffs' Motion to Dismiss (Doc. 188), which the Court dismissed as moot. Doc. 480. Par Plaintiffs have attached a red-lined copy of their pending motion showing the differences from the previous plaintiffs' motion. Exhibit 1, Doc. 344-1. Par Plaintiffs raise three arguments not raised in the dismissed Motion: (1) Defendants fraud and money-had-and-received causes of action are time-barred, (2) Defendants cannot seek attorney's fees in conjunction with a declaratory relief claim, and (3) Defendants contest jurisdiction over declaratory relief.

In regard to statutes of limitations, Par Plaintiffs argue Defendants' counterclaims for fraud and money-had-and-received accrued in "late 2008" when Defendants stopped paying disputed bills to some of the plaintiff doctors. Doc. 344-1 at 13–14. Par Plaintiffs assert the statute of limitations ran out in late 2012 for the fraud counterclaim and late 2010 for the money-had-and-received counterclaim. Defendants did not file counterclaims against Par Plaintiffs and Scott A. Cohen until July 5, 2013. Doc. 316.

The submitted billing records show Defendants did not, in fact, stop paying Par Plaintiffs until January 2009. Doc. 316-2 at 54–55. A four-year statute of limitations on fraud claims accruing in January 2009 would run out in January 2013, prior to Defendants filing their counterclaims in July 2013. Compulsory counterclaims, however, generally relate back to the filing of the complaint. WRIGHT & MILLER, 6 Fed. Prac. & Proc. Civ. § 1419 (3d ed.); *Songcharoen v. Plastic & Hand Surgery Associates, P.L.L.C.*, 561 Fed. Appx. 327, 341 (5th Cir. 2014); *In re Lawler*, 106 B.R. 943, 962 (N.D. Tex. 1989). Par Plaintiffs filed their original complaint on December 17, 2012. Exhibit A1, Doc. 1-2 at 2, *Par Surgical, PLLC et al v. United Healthcare Services, Inc. et al*, 4:13-cv-00197. A counterclaim is compulsory if it arises out of the same transaction or occurrence as the claim. Fed. R. Civ. P. 13(a). Here, the claims and

counterclaims are all based on the validity of the facility fee payments. *See Plant v. Blazer Fin. Servs.*, 598 F.2d 1357, 1360 (5th Cir. 1979) (describing the standard for compulsory counterclaims as a "a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits."). Par Plaintiffs' argument that a two year statute of limitations applies to money-had-and-received is repeated verbatim from the dismissed Motion. Doc. 188.

In regard to attorney's fees for declaratory judgments, the Federal Declaratory Judgment Act allows attorney fees in cases of "bad faith, vexation, wantonness, or oppression relating to the filing or maintenance of the action. *Allstate Ins. v. Mader*, 201 Fed. Appx. 261, 264 (5th Cir. 2006). Deciding such attorney's fees on a motion to dismiss would be premature. *See, e.g.*, *Williams v. ABX, Inc.*, 2007 WL 2886283, at *7 (S.D. Ohio, Sept. 27, 2007) ("Because such an award could be available to Plaintiffs [if the court determines that the defendant acted in bad faith], the Court finds that dismissing Plaintiffs' claim for attorney's fees would be premature at this juncture.").

Finally, Par Plaintiffs argue without authority that the Court should decline jurisdiction over the declaratory judgment counterclaim, because "the issues raised in [the counterclaim] are the same issues already raised and that will be addressed and determined in UHC's defense of the Plaintiffs' claims for unpaid fees, so the addition of a declaratory judgment action adds nothing to the case." Doc. 344 at 12. Even if redundancy were grounds for dismissal, the counterclaim is distinguished in that it is asserted against both plaintiffs and individual doctors who are not plaintiffs in the suit.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs Par Surgical, PLLC and Euston Associates, PLLC's Motion to Dismiss (Doc. 344) and Plaintiff Scott A. Cohen's Motion to Dismiss (Doc. 347) are **DENIED.**

SIGNED at Houston, Texas, this 23rd day of October, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE