United States District Court
Southern District of Texas

**ENTERED**

December 08, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAC SURGICAL PARTNERS P.A., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-1355 |
| | § | |
| UNITED HEALTHCARE SERVICES, INC., *et* | § | |
| *al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court are Defendant United Healthcare Services' ("United's") Objections to Magistrate Judge Stacy's Order Denying United's Motion to Strike Declarations and Advantix Records Attached to Plaintiffs' Response to United's MSJ (Document No. 532). Plaintiffs ("DAC") have filed a Response (Document No. 533), United filed a Reply (Document No. 534), and DAC filed a Surreply (Document No. 536). Having considered these filings, the facts in the record, and the applicable law, the Court concludes that United's objections are SUSTAINED. The declarations and call log will be stricken from the summary judgment record.

Background

The Court initially considered these issues when DAC filed a Motion to Supplement the Summary Judgment Record with a call log (of approximately 2,000 pages) and 35 affidavits from the Doctor Owners (also referred to as the declarations) demonstrating "the existence and contents of the pre-verification calls, as well as further supporting evidence of the Doctor Owners' reliance on United's representations made during these calls." (Document No. 364 at 2). In its September 3, 2014 Opinion and Order the Court denied DAC's Motion, finding that DAC "failed to lay a proper foundation for the admission of the call logs" and that "the affidavits of

the Doctor Owners are not based on personal knowledge and are inconsistent with the Doctor Owners' prior testimony as 30(b)(6) representatives." (Document No. 480 at 3). In that Order the Court also directed the parties to "submit, or alternatively to re-urge, a single consolidated dispositive motion that incorporates all arguments and legal theories in light of the summary judgment record as it exists upon the entry of this Order." *Id*. at 5.

Subsequently, DAC filed a Response to United's Consolidated Motion for Summary Judgment (Document No. 510), attaching the same affidavits and call log. United filed a Motion to Strike (Document No. 523), arguing that the documents were attached in violation of the Court's Order. This Court referred the Motion to Strike to Magistrate Judge Stacy. Judge Stacy denied the Motion to Strike, stating that "While nothing herein is to be construed as a reconsideration of that September 20, 2014 ruling, the Doctor Owners' current declarations are admissible under Fed. R. Evid. 406, to prove the nature and existence of Doctor Owners' insurance verification policies and procedures, and the Advantix records are, given the declaration of Donald Kramer, admissible 'records of regularly conducted activity' under Fed. R. Evid. 803(6)." (Document No. 530 at 2).

United has filed objections to Judge Stacy's Order, pursuant to Rule 72(a). (Document No. 532). United argues that (1) DAC violated the prior Court Order, (2) that the declarations "are inadmissible because they are not based on the personal knowledge of the Doctor Owners and contradict their previous deposition testimony," (3) that the declarations are not admissible under Federal Rules of Evidence 406, 602, 401 or 401, and (4) that "the November 14, 2014 declaration of Donald Kramer, which does not even reference the Advantix call logs, does not lay a proper foundation to admit as business records almost 2,000 pages of Advantix call-logs." *Id*. at 2.

Standard of Review

> Rule 72(a) states that:
>
> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy.[1] A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72. *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). Therefore this Court will apply a "clearly erroneous" standard when reviewing the Magistrate Judge's Order. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

Discussion

As a preliminary matter, the Court agrees that DAC violated the Court's original order by failing to submit a dispositive motion in light of the summary judgment record *as it existed* on September 3, 2014. (Document No. 480 at 5). On that basis alone the Court would be justified in striking the exhibits. However, the Court will discuss the additional arguments raised in the Objections as well.

---

[1] United claims that their Objections, filed May 5, 2015, are timely because "all counsel for United were served with the April 13, 2015 Order on April 21, 2015, when they received it in the United States mail." (Document No. 532 at 2 n. 1). United also claims that did not receive notification of the Order via ECF. *Id.* While skeptical of these claims, the Court will consider the Objections regardless. *See Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) ("Rule 72(a), and its statutory companion, *see* 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. However, a party's failure to seek timely review does not strip a district court of its power to revisit the issue."). *See also United States v. Overseas Shipholding Grp., Inc.*, 625 F.3d 1, 7 (1st Cir. 2010); *Kruger v. Apfel*, 214 F.3d 784, 786–87 (7th Cir. 2000).

(1) Declarations

Judge Stacy's Order plainly states that it is not "to be construed as a reconsideration of [the] September 20, 2014 ruling." (Document No. 530 at 2). Importantly, then, several findings made in that Order stand. First, Judge Stacy did not disagree with the statement that "the affidavits of the Doctor Owners are not based on personal knowledge and are inconsistent with the Doctor Owners' prior testimony as 30(b)(6) representatives." (Document No. 480 at 3). Specifically, that Order found that the affidavits contradicted the Doctor Owners' prior statements "that they had no knowledge of United's conversations with Palladium regarding payments or coverage for facility fees" and also contradicted "the Doctor Owners' prior acknowledgement that verifications of coverage are different than promises of payment." *Id*. Instead, Judge Stacy admitted the affidavits on separate grounds: namely, Federal Rule of Evidence 406.[2] For the reasons described below, the Court finds that decision to be clearly erroneous.

First, the declarations were not based on personal knowledge. Federal Rule of Civil Procedure 56(c)(4)[3] requires this, and, as stated by United, Rule 406 does not make this consideration moot. (Document No. 532 at 7) (citing *Callaway v. Skywest Airlines*, No. 2:04-CV-179 TS, 2006 WL 1328089, at *4 (D. Utah Mar. 29, 2006)). It was therefore clearly erroneous for Judge Stacy to allow testimony under Rule 406, when it was already established that the affiants did not have the relevant personal knowledge to make such claims. As explained in the prior Order, the Doctor Owners stated "that they had no knowledge of United's conversations

---

[2] The rule states: "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." Fed. R. Evid. 406.

[3] The rule states: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

with Palladium regarding payments or coverage for facility fees." (Document No. 480 at 3).

Now, however, the Doctor Owners attempt to show that it was their policy for Palladium to

verify insurance before a patient's procedure.[4] It is impossible for the Doctor Owners to

demonstrate that Palladium's verification calls were part of their standard practice, when they

already stated they had no personal knowledge of any such calls. Put simply, if they did not have

knowledge of the calls, then they cannot now claim that such calls were their policy. To do so

violates Rule 56(c)(4).

Furthermore, the declarations clearly contradict the prior testimony (which was made

pursuant to F.R.C.P. 30(b)(6)[5]): the Doctor Owners were either aware of verification calls or not.

First, the Doctor Owners claimed they were not aware of the content of any calls between

Palladium and United, and then they claimed it was their policy to have Palladium verify

insurance coverage before a procedure. This contradictory testimony is prohibited. "Federal

courts have interpreted [Rule 30(b)(6)] as prohibiting a 30(b)(6) representative from disclaiming

the corporation's knowledge of a subject at the deposition and later introducing evidence on that

subject." *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. CIV A 306-CV-

0271-B, 2007 WL 4410370, at *8 (N.D. Tex. Dec. 14, 2007). *See also Rainey v. Am. Forest &*

*Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) ("Unless it can prove that the information

---

[4] For example, Dr. Berliner states that "LSO surgery Center required … Palladium to contact the patient's insurance company (including United Healthcare) before facility, or ambulatory surgical center services [] were provided." (Document No. 523-3 at 3). The remainder of the declarations include the same statement for each entity.

[5] The rule states: "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6).

was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition."). Therefore the Court will disregard the contradictory testimony, *Hyde v. Stanley Tools*, 107 F.Supp.2d 992, 993 (E.D. La. 2000) (citation omitted), and finds that it was clearly erroneous for the Magistrate Judge not to strike it from the record.

The declarations also contradict the prior testimony that "verifications of coverage are different than promises of payment." (Document No. 480 at 3). Therefore, even if verifications of coverage were obtained, the Doctor Owners were not guaranteed payment. Yet each declaration states that the relevant entity "was notified by Palladium if the insurance company [United] … would not pay for the ASC services," and that "had United Healthcare indicated that … it would only pay the facility fees directly to the ambulatory surgical center, [the entity] would not have engaged the ASC for the procedure." (*See*, *e.g.*, Document No. 523-3 at 3). These statements suggest that the entities received promises that they would receive payment from United for the procedures, contradicting the earlier testimony that verification of insurance is not the same as a promise of payment. As above, this contradictory testimony is prohibited and will be disregarded.

Finally, the Court also agrees with United that, even if routine verification calls occurred, the calls are not relevant under Federal Rules of Evidence 401[6] and 402.[7] Even if Palladium generally did make verification calls to United, that fact does not make it more or less probable that United promised to pay the facility fees. First, even if calls were made, that fact offers no

---

[6] This rule states that: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

[7] The rule states: "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

evidence as to what was said on the calls. Without the details of the actual conversation, the fact that a call was made proves nothing. Second, even assuming that it was Palladium's practice to make verification calls, the calls were actually made, and the insurance was verified, that verification was not the same as a promise of payment (see above). United's alleged promises of payment (not their verifications of coverage) are the crux of this case. The proposed evidence does not make it more or less probable that United promised to pay the facility fees, and therefore is not relevant under the Federal Rules of Evidence.[8]

Therefore, because the declarations do not contain personal knowledge and contradict prior testimony, and are not relevant, the Court finds that they are inadmissible, and will be stricken from the summary judgment record.

(2) Call Log

As noted above, Judge Stacy's Order did not disturb this Court's September 20, 2014 ruling. (Document No. 530 at 2). Therefore, Judge Stacy did not disturb this Court's ruling that the declaration of Matthew Maruca[9] did not lay a proper foundation for the admission of the call logs, because "the declaration does not connect Northstar to Palladium or to the DAC Plaintiffs." (Document No. 480 at 3). However, Judge Stacy found that the call logs, when submitted with an additional declaration of Donald Kramer, were "admissible 'records or a regularly conducted activity' under Fed. R. Evid. 803(6)." (Document No. 530 at 2).[10] The Court does not find that

---

[8] Judge Stacy never commented on the relevance of the declarations; she specifically stated that "it is for the District Court, in considering the parties' Motions for Summary Judgment, to determine whether that evidence raises a genuine issue of material fact." (Document No. 530 at 2).

[9] The Court previously referred to this declaration as made by Matthew Maruca, but it was actually made by Rontel Jackson. (Document No. 512-59). Jackson stated: "I am the custodian of Records of Northstar Healthcare…These records were kept in the regular course of business, and it was in the regular course of business of Northstar for an employee or representative of Northstar, with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record…" *Id*. at 2.

[10] In this new declaration, Kramer states that he was "officer and managing partner" for Palladium "when the

this holding alone was clearly erroneous; the two declarations together may be sufficient to lay a foundation generally connecting Northstar to Palladium and the DAC Plaintiffs.[11] However, admitting the call log was clearly erroneous for the reasons described below.

This Court also previously found that the declaration did "not connect the contents of the logs to any of the alleged promises made by United to pay for the facility fees at issue." (Document No. 480 at 3). In addition to the new declaration, DAC has also added a new chart (Document No. 512-43), presumably to remedy this problem. However, this chart does nothing to remedy the issue; it does not point to any pre-procedure promises or representations made by United.[12] For that reason, the call log remains inadmissible. Judge Stacy did not mention the new chart in her Order, nor did she address the Court's prior statement that the call logs were not sufficiently connected to alleged promises made by United. Failure to even address these issues was clearly erroneous.

Furthermore, the Court also previously noted that "Courts are not required to sift through the summary-judgment record in search of evidence to support opposition to summary judgment." (Document No. 480 at 3) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). The chart merely gives page numbers of relevant records, and again expects the Court to find the promises or representations there. The Court already rejected this approach, and will do so again.

---

plaintiffs in this lawsuit entered into Use Agreements and Billing Agreements with Palladium." (Document No. 512-60 at 3). Pursuant to these agreements, Palladium was the billing agent for the DAC plaintiffs, and "regularly kept the scheduling, billing, and collection records related to the claims at issue in this lawsuit." *Id*. Once Northstar acquired Palladium, Kramer became CEO and Chairman of the Board of Northstar. *Id*. at 2. Northstar has since "assumed Palladium's responsibilities and property, including the continuation and maintenance of the records regularly kept by Palladium." *Id*. at 3.

[11] The Court does not need to make specific ruling on this, because, as described below, the call logs are inadmissible regardless.

[12] The Court made multiple attempts to use the chart to find promises of payment, but was unsuccessful. The chart in some cases seems to demonstrate verification of coverage, but does not identify specific promises to pay facility fees.

Finally, as noted by United, "both the chart and the Advantix records on which Plaintiffs rely are incomplete." (Document No. 523 at 24). The chart does not contain information about each claim at issue in this case. Also, there are inaccuracies in the chart regarding the amount charged and the dates of service. *Id*. at 24-25 (citing Document No. 523, Exhibits 25, 26). Due to these inaccuracies and incompleteness, the Court believes the chart lacks evidentiary value. *See Universal Amusements Co., Inc. v. Gen. Cinema Corp. of Tex., Inc.*, 635 F. Supp. 1505, 1516 n. 15 (S.D. Tex. 1985) (suggesting that a summary chart "riddled with inaccuracies and incompleteness" may not be admissible under Fed. R. Evid. 1006).

For all of the above reasons, the Court will sustain United's Objections and strike the call log from the record.

Conclusion

For the reasons stated above, the Court hereby

ORDERS that United's Objections (Document No. 532) are SUSTAINED. The declarations and call log will be stricken from the summary judgment record.

SIGNED at Houston, Texas, this 7th day of December, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE