UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAC SURGICAL PARTNERS P.A., *et al*, § § Plaintiffs, § VS. § UNITED HEALTHCARE SERVICES, INC., *et* § *al*, § § Defendants. § | § § § § CIVIL ACTION NO. 4:11-CV-1355 § § § § § § |

## ORDER AND OPINION

Pending before the Court is Plaintiffs' Motion for Reconsideration of the Court's December 8, 2016 Evidentiary Opinion and Order.[1] (Document No. 543). Defendants United Healthcare and Ingenix, Inc. (collectively "United") have filed a Response (Document No. 550), Plaintiffs have filed a Reply (Document No. 552), and United filed a Sur-reply. (Document No. 556). Upon review and consideration of these filings, relevant legal authority, and for the reasons explained below, the Court finds that Plaintiffs' Motion for Reconsideration will be denied.

**Background**

On December 8, 2016 this Court entered an order sustaining United's Objections to Magistrate Judge Stacy's Order Denying United's Motion to Strike Declarations and Advantix Records Attached to Plaintiffs' Response to United's MSJ. (Document No. 540).[2] Plaintiffs now object to that Order on various grounds, arguing in their Motion for Reconsideration that declarations from the Doctor Owners (referred to as the "declarations") and Advantix records (referred to as the "call logs") constitute admissible summary judgment evidence. (Document No. 543).

---
[1] This Order and Opinion is Document No. 540.
[2] Please refer to the Court's Order and Opinion for detailed background information.

**Standard of Review**

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. However, courts do rule on motions for reconsideration under Rules 54(b), 59, and 60. *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 481 (N.D. Tex. 2016). Requests that the court reconsider an interlocutory order fall under Rule 54(b), which states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The parties agree that the Court's December 7, 2016 Order and Opinion (Document No. 540) was an interlocutory order which falls under Rule 54(b). (Document No. 543 at 2; Document No. 550 at 5).

In comparison, Rule 59(e) addresses motions "to alter or amend a judgment." "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010) (alterations and internal quotation marks omitted) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice." *United States v. Saldivar*, No. 2:03-CR-182-2, 2014 WL 357313, at *1 (S.D. Tex. Jan. 31, 2014). Relief under this rule is considered to be extraordinary and "should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

Some courts have explained that the standard in evaluating a motion to reconsider filed under Rule 54(b) "appears to be less exacting than that imposed by Rules 59 and 60." *In re ProvideRx of Grapevine, LLC*, 507 B.R. 132, 142 (Bankr. N.D. Tex. 2014) (citing *Dos Santos v. Bell Helicopter Textron, Inc. Dist.,* 651 F.Supp.2d 550, 552 (N.D. Tex. 2009)). Yet in those cases courts have provided the caveat that, "even so, considerations similar to those under Rules 59 and 60 inform the Court's analysis. That is, considerations such as whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification bear upon a court's review of a motion for reconsideration under Rule 54(b)." *Id.* In another case the court explained that "[a]lthough the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts (including this court) frequently apply the same standards to the two." *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (citing *T-M Vacuum Prod., Inc. v. TAISC, Inc.*, No. CIV.A. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) ("Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders.")) (other citations omitted). Based on this case law, the Court believes that a standard very similar to Rule 59(e) is appropriate.

Plaintiffs make much of case law which notes that, under Rule 54(b), "the trial court is free to reconsider and reverse its decision [in an interlocutory order] for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

However, while this discretion exists, the Court does not believe that it negates the policy reasons behind discouraging motions for reconsideration which rehash the same arguments or, without justification, raise new arguments for the first time. Using an overly generous standard in reviewing motions under Rule 54(b) would reduce judicial efficiency and give parties no incentive to raise all relevant arguments at first consideration of an issue; the fact that the Court retains the power to revise interlocutory orders does not give parties the right to continuously revisit the same issues. *See Tolleson v. Livingston*, No. 2:12-CV-201, 2014 WL 1386319, at *2 (S.D. Tex. Apr. 9, 2014) ("[T]his broad discretion [under Rule 54(b)] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.") (citing *Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1414–15 (5th Cir. 1993)).

The Court believes that several of Plaintiffs' arguments have been raised previously and are not appropriately raised in the Motion for Reconsideration. For the sake of clarity, though, the Court will address parts of Plaintiffs' arguments. *See Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) ("Despite the fact that neither a Rule 59 nor a Rule 60 motion provides the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier, the court will address each of [plaintiff's] arguments for the sake of clarity of the record.").

**Discussion**

The Court will begin by quoting the first portion of its Order and Opinion, in which the Court wrote that: "As a preliminary matter, the Court agrees that DAC violated the Court's original order by failing to submit a dispositive motion in light of the summary judgment record as it existed on September 3, 2014. (Document No. 480 at 5). On that basis alone the Court

would be justified in striking the exhibits." (Document No. 540 at 3). Plaintiffs did not raise this portion of the Order in their Motion for Reconsideration, and for that reason alone Plaintiffs' Motion fails.[3] Regardless of Plaintiffs' other arguments, the fact remains that Plaintiffs violated a Court Order when they submitted the call logs and declarations, and that alone was sufficient reason for the Court to strike the exhibits. Plaintiffs only address this in their Reply, in which Plaintiffs argue that "[a]lthough the Evidentiary Order does state that the Court would be justified in striking the evidence at issue based on Plaintiffs' failure to submit a dispositive motion in light of the summary judgment records as it existed, the Evidentiary Order does not strike the evidence for that reason. Plaintiffs had no reason in their Motion to seek reconsideration of a ruling that the Court did not make." (Document No. 552 at 7-8). To clarify, the Court struck the evidence because of Plaintiffs' violation of the Court's Order; the additional reasons provided by the Court do not negate the fact that the ruling was based on this violation. Plaintiffs otherwise offer no explanation for their disregard of the Court's orders in their briefing and this is fatal to their Motion for Reconsideration.

The Court will also briefly address the arguments which are raised in Plaintiffs' Motion for Reconsideration. Plaintiffs first state that the Court's finding of inadmissibility runs counter to Fifth Circuit and Texas case law. (Document No. 543 at 3-7) (citing *Hermann Hosp. v. National Standard Ins. Co.*, 776 S.W.2d 249, 252 (Tex. App.– Houston [1st Dist.] 1989, no writ)

---

[3] As explained by United,
> When a party moving for reconsideration fails to address one of the court's justifications for its ruling, even if it argues that other justifications for the ruling are erroneous, the order at issue still stands based upon the unaddressed justification. This is so even if the arguments as to the court's other justifications have merit. *See e.g., Patton v. Bryant*, 2014 WL 457921, at *2 (S.D. Miss. Feb. 4, 2014), *aff'd*. 584 F. App'x. 242 (5th Cir. 2014) (when plaintiff moving for reconsideration failed to address the court's finding that his claims should be dismissed as barred by a certain precedent, "even if the Court were to find merit in [plaintiff's] other arguments – which it does not – the Court's order of dismissal would still stand on the basis of" the unaddressed precedent); *see also Global Marine Shipping (No. 10) Ltd. v. Finning Intern. Inc.*, 2002 WL 31246548, at *2 (E.D. La. Oct. 4, 2002) (denying motion for reconsideration of court's dismissal of defendant for movant's failure to challenge all of the bases supporting the dismissal).

(Document No. 550 at 5-6).

and *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 385 (5th Cir. 2011)). The Court thoroughly discusses both cases in its Order and Opinion ruling on Plaintiffs' other Motion for Reconsideration (Document No. 573), and will not entirely rehash that reasoning here.

Next Plaintiffs argue that "[t]he Court's Evidentiary Order made a manifest error by striking all of the Doctor Owner Declarations in their entirety. Doing so resulted in the exclusion of portions to which United did not specifically object." (Document No. 543 at 7). This is incorrect. United clearly asked that all of the Doctor Owner Declarations be stricken in their entirety. (*See* Document No. 532 at 7-11; Document No. 532-1 at 1; Document No. 534 at 5 n.4). Therefore this argument fails.

Plaintiffs then argue that the Court's ruling that the declarations are not based on personal knowledge "warrants reconsideration." (Document No. 543 at 8). First, the finding that the declarations were not based on personal knowledge was initially made in the Court's September 3, 2014 Order and Opinion. (Document No. 480 at 3). In that Order the Court denied Plaintiffs' Motion to Supplement the Summary Judgment Record (Document No. 364), finding that the declarations submitted by Plaintiffs were "not based on personal knowledge" and would not be admitted as evidence. (Document No. 480 at 3).[4] Rather than heeding this directive, Plaintiffs then submitted the same declarations as exhibits to their Response to United's Consolidated Motion for Summary Judgment. (Document No. 510). In response to this, United filed a Motion to Strike (Document No. 523), which the Magistrate Judge initially denied. (Document No. 530). This Court overturned the Magistrate Judge's ruling, explaining *again* that the declarations were

---

[4] That Order stated: "[t]he Court further agrees with United that the affidavits of the Doctor Owners are not based on personal knowledge …. During their depositions, the Doctor Owners stated that they had no knowledge of United's conversations with Palladium regarding payments or coverage for facility fees. *See* Doc. 406, Ex. 3 and Ex. 4." (Document No. 480 at 3).

not based on personal knowledge, and therefore were not proper evidence. (Document No. 540).

The time for objecting to the Court's determination that the declarations were not based on personal knowledge was after the Court's initial ruling in document number 480. Yet instead of filing a motion for reconsideration of that order, Plaintiffs opted to ignore it, filing the declarations despite the Court's specific instructions not to do so. Given this history, the time for reconsideration of that decision has long passed. Plaintiffs have lost their right to complain about this issue. Moreover, the Court's previous Order sufficiently explains that the declarations were not based on personal knowledge. (*See* Document No. 540 at 4-5).

Plaintiffs also argue that the Court's ruling that the declarations are inconsistent with the testimony of the Doctor Owners "warrants reconsideration." (Document No. 543 at 10). Yet this argument contains the same fatal flaw as above. The Court also explicitly determined that the declarations were inconsistent with the Doctor Owners' prior testimony in document number 480.[5] Plaintiffs did not appropriately challenge that initial decision, but instead chose to include the declarations in evidence in violation of the Court's Order. In doing so Plaintiffs have similarly lost their right to argue that the declarations are not inconsistent with the Doctor Owners' prior testimony. Moreover, the Court has also already sufficiently explained that the declarations were inconsistent with the testimony of the Doctor Owners. (*See* Document No. 540 at 5-6).

Lastly, Plaintiffs argue that "the Court's rejection of the call logs because they did 'not

---

[5] As explained previously,
> The Court further agrees with United that the affidavits of the Doctor Owners … are inconsistent with the Doctor Owners' prior testimony as 30(b)(6) representatives. During their depositions, the Doctor Owners stated that they had no knowledge of United's conversations with Palladium regarding payments or coverage for facility fees. *See* Doc. 406, Ex. 3 and Ex. 4. In addition, the affidavits contradict the Doctor Owners' prior acknowledgement that verifications of coverage are different than promises of payment. *See* Doc. 406, Ex. 7. Courts may disregard an affidavit which contradicts prior testimony from a Rule 30(b)(6) deposition. *Hyde v. Stanley Tools*, 107 F. Supp.2d 992, 993 (E.D. La. 2000) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)).

*Id*.

connect the contents of the logs to any of the alleged promises made by United to pay for the facility fees at issue' warrants reconsideration." (Document No. 543 at 11). The Court disagrees. As explained before, Plaintiffs have not "connect[ed] the contents of the logs to any of the alleged promises made by United to pay for the facility fees at issue." (Document No. 540 at 8) (citing Document No. 480 at 3). The call logs in question consist of approximately 2,000 pages, and most of the calls recorded do not appear to be categorized as verification calls. To the extent that some records are coded as "ver[6]" it is entirely unclear which calls relate to which Doctor Owner or patient. As stated in the previous opinion, the Court is not required to sift through these voluminous pages in search of instances where United promised to pay for facility fees. Nor does the chart provided by Plaintiffs clarify this issue. It does not point to any pre-procedure promises or representations made by United and contains "inaccuracies [] regarding the amount charged and the dates of service." *Id*. at 8-9. Therefore the Court does not believe that reconsideration is appropriate.

**Conclusion**

For the reasons discussed above, the Court hereby

ORDERS that Plaintiffs' Motion for Reconsideration (Document No. 543) is DENIED.

SIGNED at Houston, Texas, this 14th day of August, 2017.

*[signature: Melinda Harmon]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[6] This presumably means "verification."