UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAC SURGICAL PARTNERS P.A., *et al*, § § Plaintiffs, § VS. § UNITED HEALTHCARE SERVICES, INC., *et* § *al*, § § Defendants. § | § § § CIVIL ACTION NO. 4:11-CV-1355 § § § § § |

## ORDER AND OPINION

Pending before the Court in the above-referenced cause is Counter-Plaintiff United Healthcare Services, Inc.'s ("United") Motion to Compel Dr. Donald Kramer, M.D. and the Don of Pain, PA to Produce Tax Returns Or, in the Alternative, for Contempt, Doc. 606, and United's expedited request for its Motion, Doc. 607. Dr. Kramer and the Don of Pain have Responded, Doc. 637, and United has Replied, Doc. 638. After careful consideration of the filings, record, and law, the Court grants in part and denies in part.

On April 19, 2018, the Court ordered Dr. Kramer and the Don of Pain to produce the subpoenaed tax returns "seven (7) days from entry of this Order." Doc. 601 at 1. The underlying subpoena ("2014 Subpoena") demanded production of Dr. Kramer's federal income tax returns "for the years 2003 to the present, including any accompanying schedules, forms and records" and the Don of Pain's federal income tax returns "for the years 2011 to the present, including any accompanying schedules, forms and records" on November 5, 2014. Doc. 594-1 at 3, 6. The Order further stated, "[i]f production is not complete within seven (7) days, a rule to show case shall issue." Dr. Kramer did not oppose entry of the order. Doc. 598 at 1.

United alleges that it has not received all the tax return information required by the April

19 Order. According to United's Motion, Dr. Kramer has produced "(1) personal tax returns from 2003 through 2013; and (2) tax returns for The Don of Pain, P.A. from 2011 through 2013," but not "(1) his personal tax returns from 2014 through 2017; (2) tax returns for The Don of Pain for 2014 through 2017; and the (3) accompanying schedules, forms, or records." Doc. 606 at 2–3. United also alleges that it has not received "**any** K-1, 1099, or W-2 forms referred to and relied upon in his returns" or "the Worksheets referred to and relied upon in certain schedules of his returns." *Id*. at 3. Finally, United alleges that it conferred with Dr. Kramer's counsel, and that Dr. Kramer's counsel does not believe the April 19 Order requires production "anything more than tax returns to 2013." *Id*. at 3. Thus, United requests that an order requiring production of the remaining "tax returns and accompanying schedules, forms and records at issue," or to hold Dr. Kramer in contempt. *Id*.

In their Response, Dr. Kramer and the Don of Pain assert that they have produced schedules and forms, but they need not produce any post-2013 tax returns nor any K-1, 1099, or W-2 forms: the post-2013 tax returns were not part of an earlier subpoena and the forms were not requested by the original subpoena or ordered by Magistrate Judge Stacy. Docs. 474, Ex. 6; 484; 637. They also allege that even the later 2014 Subpoena "only sought the production of returns that had been filed as of that date." Doc. 637 at 2. Dr. Kramer and the Don of Pain list the schedules and forms produced to United. *Id*. at 5–6. Despite their assertion that W-2s were not subpoenaed, Dr. Kramer and the Don of Pain allege that they have now produced Dr. Kramer's W-2s to United, but none for the Don of Pain because it did not receive any W-2s. *Id*. at 7–8. As to the 1099s and K-1s, Dr. Kramer and the Don of Pain allege that these documents were not "properly included in the new subpoena," the information requested is "included on the Statements attached to the returns," and the forms "have now been produced to United anyway to

the extent they exist." *Id*. at 8–9.

In United's Reply, United asserts that the subpoena is not limited to 2013, but to the year 2017; Dr. Kramer has produced "only **one** K-1 from 2008," Doc. 638 at 2; and that the information included in the K-1 and 1099 forms contain necessary information, *id*. at 3. Neither United nor Dr. Kramer and the Don of Pain provide authority for their respective positions.

A district court has "broad discretion in all discovery matters." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). The Fifth Circuit will only disturb the district court's discretion if it is based on both an "erroneous view of the law" and "if it affected the substantial rights of the appellant." *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014). "The appellant must prove both abuse of discretion and prejudice." *Id*.

After careful consideration of the filings, record, the previous relevance considerations of the tax returns as discussed in the Magistrate's Order, Doc. 484, and pending trial date, the Court holds that United's subpoena for "any accompanying schedules, forms and records" includes the W-2, K-1 and 1099 forms supporting the tax returns and Worksheets referred to in the schedules. Dr. Kramer and the Don of Pain allege that these documents have been produced, Doc. 637 at 8–9, but the Court provides them with an opportunity to supplement their production. Also, because the subpoena requested tax returns to "the present" and its date of production was 2014, the Court also holds that the 2014 tax returns should also be produced. Accordingly, it is hereby

**ORDERED** that the Motion to Compel Dr. Donald Kramer, M.D. and the Don of Pain, PA to Produce Tax Returns, Doc. 606, shall be granted and denied as follows:

1. Dr. Donald Kramer, M.D. and the Don of Pain, PA's shall produce their respective 2014 federal tax returns and accompanying schedules, forms and records.

2. Dr. Donald Kramer, M.D. shall produce all W-2, K-1 and 1099 forms used in

preparation for his 2003 through 2014 tax returns and worksheets referred to in his schedules.

3. The Don of Pain, PA's shall produce all W-2, K-1 and 1099 forms used in preparation for its 2011 through 2014 tax returns and worksheets referred to in its schedules.

4. All production shall be completed no later than 3:00 p.m. on Thursday, May 17, 2018.

SIGNED at Houston, Texas, this 15th day of May, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE